*In the matter of the Application of* CHARLES N. BAILEY AND HARRY PLUMMER McCOOL *for a writ of Habeas Corpus.*

(Filed June 30, 1900.)

HABEAS CORPUS—*Jurisdiction.* The supreme court has no original jurisdiction over prisoners sentenced from Oklahoma and confined in the Kansas state penitentiary, and a writ of *habeas corpus* will not issue to the warden of the penitentiary at Lansing, Kansas, to inquire into the validity of a sentence of persons while confined in said prison.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*C. R. Buckner,* for petitioners.

*H. S. Cunningham, Attorney General,* for respondent.

Opinion of the court by

BURFORD, C. J.: This is an application for a writ of *habeas corpus.* The petitioners allege that they are deprived of their liberty by the warden of the Kansas state

penitentiary at Lansing, Kansas, on a void judgment rendered by the district court of Canadian county, Oklahoma. The petition is verified by the attorney for the petitioners and the attorney-general of the Territory has filed a waiver of notice, and agreed to submit the case on the papers. The attorney for petitioners has filed a waiver of the issuance of the writ and of the presence of the petitioners. The warden of the penitentiary has not been served with any notice, has not voluntarily appeared, and has neither come into the jurisdiction of this court nor has he brought or agreed to bring the petitioners before the court, either at or after a hearing.

The first question for determination is as to the jurisdiction of this court to hear and determine the cause. The petitioners are in the state of Kansas. They are confined in the state penitentiary of the State of Kansas. They are held by an officer of the State of Kansas who is in that state. It is alleged by counsel for petitioners that they are held on a commitment from the district court of Canadian county. This court judicially knows that persons sentenced to confinement in a penitentiary by the courts of this Territory are sentenced to imprisonment at Lansing, Kansas. The act of congress of June 16, 1880, 21 Stat. at Large, 259, provides:

"That the legislative assemblies of the several territories of the United States may make such provision for the care and custody of such persons as may be convicted of crime under the laws of such territory as they shall deem proper, and for that purpose may authorize and contract for the care and custody of such convicts in any other territory or state, and provide that such person or persons may be sentenced to confinement accordingly in such other territory or state, and all existing legislative

enactments of any territory for that purpose are hereby legalized."

Pursuant to the authority conferred by this statute, the legislative assembly of the Territory of Oklahoma, in 1890, Statutes 1893, pp. 739 to 741, passed an act empowing the governor of the Territory to contract with some other state or territory for the care and custody of such persons as may be convicted of crimes punishable in the penitentiary, by the courts of the Territory. The act further provides that after entering into such contract all persons convicted of crimes punishable by imprisonment in the penitentiary shall be sentenced by the district courts to the penitentiary named in the contract, with like force and effect as though such penitentiary was located in the Territory. Officers having such prisoners in charge are authorized to convey them from the Territory to any other state or territory where provisions have been made for their incarceration. Under the provisions of this statute the governor of Oklahoma contracted with the proper authorities of the state of Kansas for the care and custody of Oklahoma prisoners in the Kansas state penitentiary at Lansing, Kansas.

No congressional or legislative enactment has been adopted, giving the courts of Oklahoma jurisdiction over the Kansas penitentiary, its officers or inmates; nor has any attempt been made to extend the jurisdiction of our courts beyond our territorial limits.

Where a person is arrested for a crime committed in any county in this Territory, and tried in the district court and convicted of a crime punishable by imprisonment in a penitentiary, he is sentenced to serve his term of imprisonment in the Kansas state penitentiary, and unless the execution of the judgment is stayed by bond and ap-

peal, such person is at once conveyed to such prison, and there delivered to the warden to be confined subject to the commitment, and the prison regulations. If the case be appealed, and the judgment of conviction be reversed, the warrant for the detention of the prisoner is set aside and canceled, and he is ordered delivered to the proper officer of the Territory to be returned to the Territory for trial. The warden is bound to obey this order, for the reason that the commitment by which he holds such prisoner has been held for naught, and he no longer, has any authority to hold the prisoner. But this court has no power to compel the warden of the Kansas penitentiary to bring a prisoner back into the Territory or to discharge a prisoner held by him on a commitment from a district court. This court exercises and can exercise no original jurisdiction over persons outside its territorial boundaries. While it may retain jurisdiction of the person of a prisoner where the prisoner appeals from a judgment of conviction, such jurisdiction is appellate, and not original.

The petition for a writ of *habeas corpus* in this case calls for the exercise of the original jurisdiction of this court over persons not within its jurisdiction, and not voluntarily submitting to it.

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." (*Ableneau v. Booth*, 21 How. 506.)

'The writ of *habeas corpus* cannot run outside the boundaries of the jurisdiction of the court which issues it." (Church on *Habeas Corpus*, Sec. 108.)

*In re* Bailey *et al.* Petitioner.

"No sovereignty can extend its process beyond its own territorial limits, to subject either the property or the person of any one to its judicial decisions, decrees, or judgments. Every exercise of authority of this kind would be beyond the power granted, or rather beyond the power of the state to grant. All judicial power flows from the state and the grant of legislative power ceases at the line of the state; judicial power must cease also at that point." (Brown on Jurisdiction, Sec. 2.)

We think it very clear that this court is without jurisdiction to award the writ in this case. The petitioners are not within the jurisdiction of this court, and we have no process by which they can be brought in. The warden of the Kansas penitentiary is not within our jurisdiction, and we have no authority to command him to come in; hence the petition must be dismissed for want of jurisdiction, at costs of petitioners.

All of the Justices concurring.